[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 99-1932

ANTHONY BUDZKO,

Plaintiff, Appellant,

v.

SOCIAL SECURITY ADMINISTRATION COMMISSIONER,

Defendant, Appellee.

---

[Hon. Gene Carter, U.S. District Judge]

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Boudin, Circuit Judge.

---

Francis M. Jackson and Jackson & MacNichol on brief for appellant.

Jay P. McCloskey, United States Attorney, James M. Moore, Assistant United States Attorney, and Michael E. Kerpan, Jr., Assistant Regional Counsel, Office of the Chief Counsel, Region I, Social Security Administration, on brief for appellee.

June 26, 2000

**Per Curiam**. Claimant Anthony Budkzo appeals from a decision of the district court upholding the determination of an Administrate Law Judge ("ALJ") that claimant is ineligible for continuing social security benefits because substance abuse is material to his disability. See Contract with America Advancement Act of 1996, Pub. L. 104-121 § 105, 110 Stat. 847, 852-55 (1996). Specifically, the ALJ concluded that, if claimant's substance abuse problem were to cease, he would have no severe mental or physical impairment. Upon review of the briefs and record, we affirm essentially for the reasons stated by the magistrate judge in his May 11, 1999 report and recommended decision. Without attempting to address each of claimant's arguments, we add the following comments.

The district judge did not err in denying claimant's motion to remand for the taking of additional evidence. Pursuant to 42 U.S.C. § 405(g), the court may order additional evidence to be taken before the Commissioner "upon a showing that there is new evidence

-2-

which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." In the instant case, the additional evidence takes the form of a January 1999 letter, written by an examining consultant some five months after claimant initiated suit in the district court, in response to questions relative to the consultant's 1992 evaluation before the agency. Passing without deciding the question whether the 1999 letter is "new" or "material," the evidence rather clearly founders on the "good cause" requirement. The mere fact that the date on the report postdates the agency proceedings does not establish good cause. See Lisa v. Secretary of Health & Human Servs., 940 F.2d 40, 45 (2d Cir. 1991). Nor does the fact that claimant did not anticipate the ALJ's negative ruling. Cf. Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) (explaining that the good cause requirement would be meaningless if every time a claimant lost before the agency he was free to seek out a new expert witness who might better support his position).

We are persuaded that on the facts of this particular case the report of Dr. Hoch, a non-examining consultant, constitutes substantial evidence to support the ALJ's conclusion regarding claimant's personality problems.

-3-

Cf. Berrios Lopez v. Secretary of Health & Human Servs., 951 F.2d 427, 431 (1st Cir. 1991) (recognizing that the amount of weight that can properly be given the conclusion of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert).  Dr. Hoch concluded that there is no personality disorder outside of alcoholism. There is every indication that in reaching this conclusion Dr. Hoch had available to him most, if not all, of the medical evidence for his review.  Claimant's medical records reveal that a number of clinicians, over the years, diagnosed solely a substance abuse problem and not also a personality disorder.  Under the circumstances, we reject claimant's suggestion that Dr. Hoch's conclusion comes "out of thin air."

Affirmed.